IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT FOR TENNESSEE, AT KNOXVILLE

BRENT PELUSIO and
MONICA PELUSIO

    Plaintiffs,

v.

KNOX COUNTY, TENNESSEE,
KNOX COUNTY BOARD OF
EDUCATION, DR. JOHN
BARTLETT, WESLEY CHAD
COLEMAN, MIKE HILTON, and
SANDRA RODGERS,

    Defendants.

Civ. Action No.: _____

---

## COMPLAINT FOR DAMAGES

---

Comes the Plaintiffs, Brent and Monica Pelusio, husband and wife, and by and through under-signed counsel for their complaint for damages against the named Defendants herein would state as follows:

I.     <u>PARTIES</u>

1. Plaintiffs are citizens and residents of Knox County, Tennessee.

2. Knox County, Tennessee is a municipality organized under the laws of Tennessee.

3. Knox County Board of Education is, upon information and belief, a quasi-subdivision of Knox County.

1

4. Defendant Dr. John Bartlett is the principal of Farragut High School, located in Knox County, Tennessee.

5. Defendant Wesley Chad Coleman is, upon information and belief, a deputy of the Knox County Sheriff's Office.

6. Defendant Mike Hilton is a school resource officer, who, upon information and belief is some form of duly licensed officer of the Knox County Sheriff's Office.

7. Defendant Sandra Rogers is a school resource officer, who, upon information and belief is some form of duly licensed officer of the Knox County Sheriff's Office

II.    STATEMENT OF JURISDICTION AND VENUE.

8. This Court has jurisdiction over Plaintiff's claims brought under Title 42 of the United States Code Section 1983 et seq. See U.S.C. §§ 1331, 1342(a)(3).

9. Venue exists in the United States District Court, Eastern District of Tennessee at Knoxville, pursuant to 28 U.S.C & 1391 (b)(1) and/or (2).

III.    STATEMENT OF FACTS

10. Brent and Monica Pelusio are husband and wife and the natural guardians and parents of Anthony Pelusio, a minor who at all times material hereto was a student at Farragut High School.

11. Prior to the events complained of herein, and upon information and belief, in a continuing and ongoing course of non-enforcement of state and federal laws governing state high schools, Defendant Bartlett, either acting on his own behalf, or in concert with others, allowed and routinely allowed certain

2

groups of students, usually either athletes at said institution or children of prominent citizens who contributed to said institutions' sports programs or otherwise or who contributed to said community, Farragut Tennessee, by way of business endeavors, to harass and bully other students—which often resulted in assaults upon the unfavored children.

12. Upon information and belief, the averments set forth the in the preceding paragraph were well known within the school by both students and teachers; yet, not one took any action to rectify the situation.

13. Plaintiffs are not from Tennessee originally and have only lived in the area for a limited period of time.

14. On September 14, 2021, Anthony Pelusio was assaulted by a group of 5 of the favored, unpunished, undisciplined, unreported and protected athletes or scions of the prominent and likewise favored members of the community.

15. During said assault, Anthony Pelusio was repeatedly hit and punched, including to his head and face. A video of the incident exists which is in the possession of Plaintiffs and which was, however, not recorded by the school (which did have cameras that would have likely captured said assault but which video evidence has not been provided to the Plaintiffs despite their filing of an Open Records Act Request pursuant to Tennessee law.

16. The video images are in accord with the averments of paragraphs 14 and 15 herein.

3

17. The next morning, Plaintiffs informed the school of the assault and were told that the children who assaulted their son were a "known issue" and that the school would be taking actions to ensure the safety of their son—including informing Defendants Rogers and potentially Defendant Hilton of the prior day's assault.

18. On the same day but at approximately 2:30 p.m., the school's receptionist contacted Plaintiff Monica Pelusio to inform her that Anthony Pelusio was doing well—given the assault of the prior day—thereby yet again noting and confirming said school and its administration's receipt and acknowledgment of the complaint made by Plaintiffs earlier in the day.

19. About an hour later, the Plaintiffs traveled to the school together, which they normally had done, to pick Anthony up and take him home.

20. When they arrived, they observed their son being surrounded by 10 or more hooligans, the favored athletes and scions as noted hereinbefore, but in a larger, upon information and belief, school-approved or tolerated gathering.

21. The mob of school adminstration-approved hooligans were screaming at Anthony Pelusio; said group including many of the assailants from the previous day.

22. The mob, more specifically some of its members, were cursing at Anthony Pelusio, and thereafter Plaintiffs, and threatening to "kick his ass" directly to Anthony Pelusio and the Plaintiffs, who, while within the applicable zone of danger were not directly in the presence of said mob or their son. As this was

4

occurring, the school resource officers, neither Defendants Hilton or Rogers or any other such officer, were present.

23. As the verbal assault and continued intimidation and harassment were ongoing, Anthony Pelusio told the mob and its members "I do not want any problems, just please leave me alone."

24. As this was occurring, Plaintiff Monica Pelusio left the car and went to retrieve her child. The mob, however, continued unabated and in furtherance of their felonious and assaultive actions. The mob then began to engage in physically and continued verbally assaultive conduct towards both Plaintiff Monica Pelusio and Anthony Pelusio.

25. At this point in the felonious conduct of the mob and its members, Defendant Rogers arrives on the scene and "does nothing." Indeed, her actions were nothing short of repugnant as she allowed the felonious actions of the mob and its members to continued unabated.

26. At this point, no doubt sensing the governmentally-approved felonious actions of the mob, some of its members begin the physically assault Anthony Pelusio. At one point, three of the members of the mob were simultaneously assaulting Anthony Pelusio.

27. When Anthony Pelusio was finally able to begin to successfully defendant the assault occurring against him, Defendant Rogers then took action, and "pepper sprayed" Anthony Pelusio in his face.

5

28. Thereafter, said officer detained Anthony Pelusio but allowed the mob to disperse, despite and notwithstanding the fact Plaintiff Monica Pelusio explained to her that some members of the mob had been the same hooligans who assaulted her son the prior day.

29. In the aftermath of the felonious mob-assault, Defendant Rogers was sitting in her golf cart cavorting with a mob member while both were laughing; at the same time Anthony Pelusio was lying on the ground, crying and receiving no medical assistance or aid of any kind.

30. Shortly thereafter, Defendant Coleman arrives and begins an investigation, which, despite the fact none of the actions occurred in his presence and upon information and belief, arrested Anthony Pelusio and the Plaintiffs, charging Anthony Pelusio with disorderly conduct and the Plaintiffs with contributing to the delinquency of a minor by simply urging their son to defend himself from the mob. No members of the mob were charged with any of their misdemeanant or felonious actions.

31. At all times material, the school's cameras system, upon information and belief, was fully-operational and would have captured the entire event. However, despite the fact an Open Records Act request under state law was sent, asking for the video evidence and requesting the preservation of the same, it has not been provided by any Defendant.

32. While the Plaintiffs were being detained but before they were arrested, Plaintiff Brent Pelusio questioned Defendant Hilton about his knowledge of

6

the assault of the previous day. He initially denied having knowledge of the same but shortly thereafter admitted having knowledge.

33. A delinquency proceeding was thereafter initiated by the prosecuting agent, Defendant Coleman, which resulted in a subsequent dismissal of the charge of disorderly conduct against Anthony Pelusio in the Knox County Juvenile Court, which occurred, upon information and belief, based upon a lack of any probable cause to support the arrest of Pelusio or the charge of disorderly conduct by a delinquent juvenile.

34. Notwithstanding the dismissal of the juvenile delinquency charge against Anthony Pelusio by the Knox County Juvenile Court, the Knox County District Attorney's Office has thereafter steadfastly maintained, based upon Defendant Coleman's utterly incoherent belligerence in maintaining his arrest and charge of these Plaintiffs for the offense of contributing to the delinquency of a minor, its prosecution of these Plaintiffs.

35. It strains credulity to fathom how any charge against Plaintiffs for contributing to the delinquency of a minor managed to continue subsequent to the dismissal of the delinquency charge in juvenile court. In other words, when the State dismissed (or the Court dismissed) the delinquency charge against Anthony Pelusio, said action constituted a final adjudication of the merits of the State of Tennessee's, through Defendant Coleman's delinquency charge, delinquency claims against Anthony Pelusio. Therefore, it is utterly impossible as a matter of law, based on Defendant Coleman's insistence of

proceeding forward against these Plaintiffs, for them to be found criminally

responsible for the offense of contributing to the delinquency of a minor

when the sole court in this State given exclusive jurisdiction over adjudicating

delinquency actions, dismissed the case against Anthony Pelusio.

36. Nevertheless, Defendant Coleman's prosecution of the Plaintiffs

continues.

IV.    CAUSES OF ACTION

      A. 42 U.S.C. Section 1983 (Violation of Right to be Free from

         Wrongful Arrest and Prosecution—Fourth Amendment

         Violation)

37. Plaintiffs incorporate by reference the entirety of the foregoing

Complaint as if fully set forth herein.

38. Based on the foregoing, Defendant Coleman, who at all material

times as set forth herein, was acting under color of state law,

conducted no investigation whatsoever, and upon information and

belief proceeded to arrest Plaintiffs and Anthony Pelusio despite the

fact all of the charges are misdemeanor offenses which did not occur

in the presence of said officer and no judicial officer signed a

warrant authorizing said detentions and arrests, at least until a

period of time well after they occurred.

39. Defendant Coleman's investigation was utterly non-existent and

one-sided. His report, for example, contains no statements or

8

information from any Pelusio. Further, despite the fact the school video cameras are open and obvious, he either did not ask for the video evidence or he viewed it and arrested the Plaintiffs anyway (in which case, this Court should refer the matter to the United States Attorney for the Eastern District of Tennessee for a criminal referral).

40. Based upon the foregoing, Defendant Coleman violated the Plaintiffs' right to be free from seizure without probable cause.

41. No probable cause existed to initiate the prosecution of the Plaintiffs in this matter. None at all.

42. This Defendants' actions constitute deliberate indifference of Plaintiffs' well-established constitutional right to be free from illegal seizure or prosecution. Further, this Defendant's actions as noted herein overcome any claim of qualified immunity as his actions satisfy both the objective and subjective prongs of <u>Monell</u> liability.

43. As a result of Defendant Coleman's actions, the Plaintiffs have suffered significant economic and non-economic damages.

44. Therefore, Plaintiffs sue Defendant Coleman for a violation of their right to be free from illegal seizure and prosecution and would seek all damages available under applicable law.

    B. 42 U.S.C. Sections 1985-86 (Conspiracy to Violate Civil Rights)

45. Plaintiffs incorporate by reference the entirety of the foregoing Complaint as if fully set forth herein.

46. Based on the foregoing, Defendants Bartlett, Hilton and Rodgers' actions, failing to properly protect the unfavored children and continuing to refuse to provide the video evidence to Defendant Coleman or the prosecution, have acted in concert to deprive the Plaintiffs of their civil right to be free from unreasonable seizure and illegal and unsupported by any evidence prosecution.

47. At all times material hereto, these conspiratorial Defendants were acting under color of state law.

48. These Defendants' actions constitute deliberate indifference of Plaintiffs' well-established constitutional right to be free from illegal seizure or prosecution. Further, these Defendant's actions as noted herein overcome any claim of qualified immunity as their actions satisfy both the objective and subjective prongs of Monell liability.

49. Therefore, Plaintiffs sue these Defendants for their conspiracy to violate their civil rights and would seek the identical damages sought hereinbefore and would request these Defendants be held jointly and severally liable for the same.

C. MUNICIPAL LIABILTY

50. Plaintiffs incorporate by reference the entirety of the foregoing Complaint as if fully set forth herein.

51. Pursuant to 42 U.S.C. Section 1983, a municipality may be liable to a Plaintiffs for any of its customs, policies or procedures which constitute the driving force behind the alleged constitutional violation of itself or its officers. Additionally, a municipality may be held liable if it or its supervisory officials ratify the conduct of its officers.

52. In this case, Defendants Knox County and Knox County Board of Education are liable to the Plaintiff based on the fact its customs, policies and/or procedures were the driving force behind the constitutional violations complained of herein. Moreover, said County is liable as its supervisory officials clearly ratified Defendants' conduct, by inter alia, maintaining Defendant Coleman's continued prosecution of the Plaintiffs despite the dismissal of the delinquency charge against their son.

53. Based on the foregoing, Plaintiffs sue Knox County and Knox County Board of Education and would seek all damages as previously sought herein.

**PRAYER FOR RELIEF**

Premises considered, Plaintiffs would ask this Court to:

A. Issue process, requiring these defendants to answer this Complaint and appoint a jury to try this cause.

B. Award Plaintiffs damages in the amount of $5,000,000.00.

11

C.  Award Plaintiffs court costs and discretionary costs.

D.  For such other or further relief to which they may be entitled.

Respectfully submitted, this 15th day of September, 2022.

/s Darren V. Berg
Darren V. Berg 023505
PO Box 453
Knoxville, TN 37901
dberglawfirm@gmail.com
(865) 773-8799